UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **KELLY STURGILL CORNETT,** | CIVIL NO. 5:23-300-KKC |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| **HOMETOWN LENDERS, INC.,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Kelly Sturgill Cornett's Motion for Default Judgment. Cornett asks the Court to enter judgment in her favor in the amount of $695,600.04. For the following reasons, the Motion for Default Judgment (DE 8) is denied without prejudice.

I. Background

Cornett was an employee of Defendant Hometown Lenders, Inc. ("Hometown"). (Complaint, DE 1.) She served as Branch Sales Manager for the Hometown branch in Lexington, Kentucky. (*Id*.) Cornett's employment with Hometown ceased in October 2023. (*Id*.) Hometown has since failed to pay compensation, commissions, and money from Cornett's Profit and Loss Account. (*Id*.)

Cornett filed this action for breach of contract, promissory estoppel, unjust enrichment, and fraudulent misrepresentation on October 26, 2023. The summons was returned executed on January 9, 2024. The Clerk entered default against Hometown for failure to plead or otherwise defend the action. (DE 7.) Defendant still has not made an appearance. Cornett now asks the Court to enter default judgment in her favor in the amount of $695,600.04. (DE 8.) This amount includes

1

$577,116 from Cornett's Profit & Loss account, $41,089 in commissions earned, and $77,395.04 in unpaid wages. (DE 8-1.)

   **II. Discussion**

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against Hometown pursuant to Rule 55(a). (DE 7.) After entry of default, default judgment may be entered under Fed. R. Civ. P. 55(b)(1) in limited circumstances "for a sum certain or a sum that can be made certain by computation...with an affidavit showing the amount due[.]" A claim for damages under Rule 55(b)(1) "is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Highway Com. Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 4115512, at *2 (S.D. Ohio Aug. 28, 2008) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)).

Plaintiff's Rule 55(b)(1) application for default judgment fails because the information supplied by Plaintiff in support of the default award leaves the Court with questions regarding the amount due. Plaintiff's attorney submitted an affidavit delineating the amounts owed to Plaintiff. (DE 8-1.) Plaintiff claims that she has not received a paycheck from Hometown since June 2, 2023 despite being in their employment until October 2023. As evidence, Plaintiff submitted the last paystub she received and the Employee Compensation Agreement reflecting her salary. (DE 8-4, 8-5.) According to the affidavit, Cornett's salary was $160,000. However, the Employee Compensation Agreement sets out a salary of $480,000 annually along with commissions. (DE 8-5.) Additionally, the Compensation Agreement does not mention a Profit & Loss account, from which Cornett claims she is owed $577,116. (DE 8-1.) With these discrepancies in the record, the Court cannot enter a default award without more information regarding the terms of Cornett's compensation.

2

Accordingly, the Court **ORDERS** Plaintiff's Motion for Default Judgment (DE 8) is **DENIED WITHOUT PREJUDICE**.

This 16th day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY